**08 CV 3743**

JUDGE BATTS

Law Offices of George N. Proios, PLLC
Attorneys for Plaintiff
STELIOS B MARITIME CO.
1350 Broadway, Suite 1507
New York, New York 10018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

STELIOS B MARITIME CO.,

                         Plaintiff,

            - against -

HAWKNET LTD.,

                         Defendant.

-------------------------------------------------------X



ECF CASE

08 Civ.

**VERIFIED COMPLAINT**

        Plaintiff  STELIOS B MARITIME CO., ("STELIOS B"), by its attorneys, Law

Offices of George N. Proios, PLLC, as and for its Verified Complaint against defendant,

HAWKNET LTD., ("HAWKNET"), alleges upon information and belief as follows:

        1.        This is an admiralty and maritime claim within the meaning of Rule 9(h)

of the Federal Rules of Civil Procedure and 28 USC § 1333. This claim also falls under

28 USC § 1331 in that the action arises under the New York Convention on the

Recognition and Enforcement of Foreign Arbitral Awards, 9 USC § 201 *et seq.* and/or the

Federal Arbitration Act, 9 USC §   1 *et seq.*

        2.        At all material times, plaintiff  STELIOS B  was and still is a corporation

organized and existing under the laws of Liberia, and was the owner of the M/V

STELIOS B, ("the Vessel").

        3.        Upon information and belief, at all material times, defendant HAWKNET

was and still is a corporation organized and existing under and by virtue of the laws of

the United Kingdom.

4.    By a time charter on the NYPE form, with amendments, dated 5 February 2003, (the "Charterparty"), plaintiff STELIOS B chartered the Vessel to defendant HAWKNET.

5.    Pursuant to the Charterparty, defendant HAWKNET was to redeliver the Vessel within 91 days, by 23 May 2003.

6.    Defendant HAWKNET actually redelivered the Vessel on 9 July 3003.

7.    Plaintiff STELIOS B has a principal claim for damages against Defendant HAWKNET for the overrun of the charter period amounting to USD 261,568.97.

8.    Pursuant to Clause 66 of the Charterparty (which incorporates the NYPE Interclub Agreement as amended 1984) Plaintiff STELIOS B also has a claim against Defendant HAWKNET for apportionment of two cargo claims which were settled and paid by Plaintiff's P&I Club amounting to USD 75,000.00

9.    Clause 65 of the Charterparty provides for any disputes arising thereunder to be referred to arbitration in London under London Maritime Arbitrators Association Terms and for English law to apply.

10.    The parties have commenced arbitration proceedings in London and agreed to appoint Mr. Bruce Harris of Flat 101, 7 High Holborn, London WC1 6DR as sole arbitrator.

11.    This action is brought to obtain jurisdiction over Defendant HAWKNET, security in favor of Plaintiff STELIOS B in respect to its claims against Defendant HAWKNET and in aid of the London arbitration proceedings.

12.    This action is further brought to obtain security for additional sums which are recoverable under English law as part of Plaintiff STELIOS B's claim, including

anticipated attorneys' fees, arbitrators' fees, arbitration costs and interest.

13.    On 25 April 2007 Mr. Harris issued a Declaratory Award with respect to the liability issue of the principal claim between the parties, the overrun of the charter period, finding that:

> a. HAWKNET was in breach of contract and that STELIOS B was entitled to damages, as distinct from charter hire, from 23 May 2003 until redelivery.
>
> b.  HAWKNET bear and pay their own costs, STELIOS B's costs and the costs of the Declaratory Award; and
>
> c.  HAWKNET pay STELIOS B interest on the sums awarded in paragraph b at the rate of  7.5 % per annum, compounded at three-monthly rests, from the date of the Declaratory Award until the date of payment as regards STELIOS B's costs and from the date of any payment by STELIOS B until the date of reimbursement by HAWKNET LTD.

14.    The damages and amounts due Plaintiff STELIOS B, as nearly as can be estimated are as follows:

|   |   |   |   |
|---|---|---|---|
| a. | on the principal claim | USD | 261,568.97 |
| b. | on the cargo claims | USD | 75,000.00 |
| c. | interest on the claims at 7.5% from 16 June 2003 (median date of the overrun period) to 16 June 2010 | USD | 221,815.49 |
| d. | Plaintiff's costs | USD | 70,000.00 |
|   | TOTAL | USD | 628,384.46 |

15.    The total sum of  Plaintiff  STELIOS B's damages, as nearly as can be estimated, is USD 628,384.46.

## AS AND FOR A FIRST CAUSE OF ACTION

16.    Plaintiff STELIOS B repeats and re-alleges the allegations contained in Paragraphs 1 through 15 of the Verified Complaint and incorporates them as if set forth at length herein.

17.    Upon information and belief, Defendant HAWKNET cannot be found within the District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but has tangible and intangible property within the District, including but not limited to accounts and credits at various banks and garnishees.

## AS AND FOR A SECOND CAUSE OF ACTION

18.    Plaintiff STELIOS B repeats and re-alleges the allegations contained in Paragraphs 1 through 17 of the Verified Complaint and incorporates them as if set forth at length herein.

19.    Pursuant to 9 USC § 1 *et seq*. and 9 USC § 201 *et seq*., Plaintiff STELIOS B seeks confirmation of the Declaratory Award and any other subsequent awards issued into a final, valid, and enforceable judgment of this Honorable Court.

WHEREFORE, Plaintiff STELIOS B prays that:

a.    process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against Defendant HAWKNET, citing the Defendant to appear and answer under oath all and singular the matters alleged;

b.    since Defendant HAWKNET cannot be found within this District, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime

Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and the United States Arbitration Act, 9 USC §§ 1, 8 and 9, attaching all goods, chattels, letters of credit, bills of lading, effects, debts and monies, property tangible or intangible, or any other funds held by any garnishee, which are due and owing to Plaintiff STELIOS B, in the amount of $ 628,384.46 to secure Plaintiff STELIOS B's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

      c.     this Court retain jurisdiction over this matter to confirm the Declaratory Award and any subsequent awards issued, pursuant to 9 USC § 1 *et seq.* and 9 USC § 201 *et seq.*, and enter a final, valid, and enforceable judgment; and

      d.     Plaintiff STELIOS B have such other, further, and different relief as this Court may deem just and proper.

Dated: New York, New York
       April 21, 2008

                 Law Offices of George N. Proios, PLLC
                 Attorneys for Plaintiff
                 STELIOS B MARITIME CO.

          By:      _____
                 George N. Proios (GP-9331)
                 1350 Broadway, Suite 1507
                 New York, New York  10018
                 (212) 279-8880

## VERIFICATION

I am an attorney with the Law Offices of George N. Proios, PLLC, counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of plaintiff are not readily available in this District to make verifications on plaintiff's behalf. I am authorized to make this verification on Plaintiff's behalf.

Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on April 21, 2008

George N. Proios (GP-9331)
Law Offices of George N. Proios, PLLC
Attorneys for Plaintiff
STELIOS B MARITIME CO.
1350 Broadway, Suite 1507
New York, New York 10018-7702
(212) 279-8880